UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CV 8790**

NORBERTO FERNANDEZ, PRO-SE,

      Plaintiff,

v.

MARCY VELEZ, PATROLMAN, 26th PRECINT NYPD;
J. SHAUGHNESSY, SERGEANT, 26th PRECINT NYPD;
J. HODGES, SERGEANT, 26th PRECINT NYPD;
JOHN DOE I, PATROLMAN, 26th PRENCINT NYPD;
JOHN DOE II, CAPTAIN, 26th PRECINT NYPD;
CITY OF NEW YORK; and
MICHAEL BLOOMBERG, MAYOR, CITY OF NEW YORK;
individually and in their official capacities.

COMPLAINT

Jury Trial Demanded

No.



## I. COMPLAINT

Plaintiff, Norberto Fernandez, Pro-Se, for his complaint states the following:

## II. INTRODUCTION

1) This is a civil action seeking damages against the Defendants for committing acts under color of law, and depriving the Plaintiff of his rights secured by the constitutional and laws of the United States. Defendants, while acting in their own capacities as police officers in the City of New York, County of New York, State of New York, deprived the Plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the Plaintiff, and deprived the Plaintiff without due process of law, thereby depriving Plaintiff of his rights, privileges and immunities as quaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction of this action under 42 U.S.C. § 1983 and under 28 U.S.C. § 1331.

## III. JURISDICTION

20) The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. § 1331.

( 1 )

## IV. PARTIES

3) Plaintiff Norberto Fernandez is, and was at all times mentioned herein, an adult citizen of the United States, a Dominican descendent, and a lifetime resident of the State of New York.

4) Defendant, Marcy Velez

   Official Position: Patrolman

   Address: 26th Precint; 520 W 126 ST; N.Y., N.Y. 10027-2406

5) Defendant, J. Shaughnessy

   Official Position: Seargent

   Address: 26th Precint; 520 W 126 ST; N.Y., N.Y. 10027-2406

6) Defendant, John Doe I

   Official Position: Patrolman

   Address: 26th Precint; 520 W 126 ST; N.Y., N.Y. 10027-2406

7) Defendant, John Doe II

   Official Position: Captain

   Address: 26th Precint; 520 W 126 ST; N.Y., N.Y. 10027-2406

8) Defendant, J. Hodges

   Official Position: Seargent

   Address: 26th Precint; 520 W 126 ST; N.Y., N.Y. 10027-2406

9) Defendant, City of New York

   Official Position: Municipal Corporation

   Address: City Hall, New York NY 10007

10) Defendant, Michael Bloomberg

   Official Position: Mayor of New York City

   Address: The Executive Office of the Mayor, City Hall, New York NY 10007

11) Defendants John Doe I, Patrolman; John Doe II, Captain; presently not known of their names to the Plaintiff at this time, at all material to this Complaint, duly appointed police officers of New York City. At all times materials to this Complaint, these Defendants acted toward the Plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, City of New York, and the 26th Precint NYPD.

12) Plaintiff sues all Defendants in their individual and official capacities.

## FACTS PRIOR TO THE INCIDENT

13) May 22, 2010, the Plaintiff was involved in a car accident, being rear-ended by a New York City Yellow Cab. The Plaintiff suffered a mild concussion, pinch nerve, loss of feeling in the right leg, a sprained lower back, and aggrevated lombardad spinal disks, therefore, causing the Plaintiff to walk with a cane. This Plaintiff was going to therapy four times a week for chiropractics, acupuncture, and nerve therapy. The obvious pain rendering from the accident had afflicted the Plaintiff's life, everyday living became a harboring task. Furthermore, on June 11, 2010, after providing license, registration, and insurance information to Officer Marcy Velez, pending a traffic stop. After authentification of documents, there was an assertive request by the officer to exit the conveyence of the vehicle.

In the result, the Plaintiff detailed the above mentioned physical ailments, unfortunately this explaination was in vain. Officer Marcy Velez refused to listen within reason regarding the aforementioned maladies. These maladies are direct result of the Plaintiff's unwillingness to exit his vehicle, because standing becomes uncomfortable in nature and causes severe and substancial torment by agrivating an already painful injury.

### COUNT I

1-13. Plaintiff alleges and realleges Paragraphs 1 through 13 as Paragraphs 1 through 13 of this Count, with the same force and effect as if fully set forth herein.

14) On the evening of June 11, 2011, at approximately 5:30pm, the Plaintiff Norberto Fernandez, was driving an automobile owned by him in the vicinity of West 112th Street between Manhattan Avenue and Douglas Boulevard in the County and State of New York.

15) At all times that evening, Plaintiff Norberto Fernandez, operated this vehicle in accordance with all applicable traffic statutes and ordinances of the State of New York and the City of New York.

16) On the evening of June 11, 2011, at approximately 5:30pm, Defendants Marcy Velez and John Doe I, who were dressed in NYPD uniforms and traveling in a NYPD marked car, stopped the Plaintiff.

17) Plaintiff had violated no law, and Defendants had seen no evidence or probable cause that Plaintiff had committed an offense, nor did the Defendants have any justification or authority whatsoever for stopping the Plaintiff.

18) Defendant Marcy Velez requested license and registration, Plaintiff provided his driver's license and registration of his car to Defendant Marcy Velez.

19) At no time during the stop, did the Plaintiff attempt to resist arrest by Defendant Marcy Velez, nor offer any violence to him.

20) Defendant Marcy Velez bodily removed the Plaintiff from his driver's seat, without provocation, need, or explaination, dragged Plaintiff out from his car and slammed him on the ground, then he was handcuffed extremely hard and tight by Defendant Marcy Velez.

21) Defendants Marcy Velez and John Doe I, searched the Plaintiff's person twice, abused him both physically and verbally. Then searched and maliciously tore his automobile apart by breaking the air conditioning vents.

22) At no time before or during this interrogation and search of the Plaintiff did Defendants see or find any evidence or probable cause that the Plaintiff had committed any offense against vehicle traffic laws, nor the laws of the City of New York, State of New York.

23) During this illegal detainment of the Plaintiff, Defendants conducted

a further illegal search of the Plaintiff's automobile. Neither before, during, nor after this search did the Defendants have probable cause to conduct this search, nor did they have permission from the Plaintiff to conduct it.

24) During the illegal search, said Defendants discovered a locked glove compartment on the passenger side of the Plaintiff's automobile. Defendants retrieved the key from the ignition from the Plaintiff's automobile and unlocked the glove compartment.

25) Defendants seized from it, private property belonging to the Plaintiff, although they had no probable cause to search the glove compartment for anything, nor did they have permission from the Plaintiff.

26) Without probable cause or any justification whatsoever did Defendant Marcy Velez and Defendant John Doe I, have the right to agree to and maliciously charge the Plaintiff with the following offense: Penal Law §220.03- Criminal Possession of a Controlled Substance in the seventh degree.

27) Because of the Defendants malicious charge against the Plaintiff, he was detained without cause by the police for approximately 48 hours.

28) While the Plaintiff was being detained at the 26th Precint, Defendants harrassed him for having a nice automobile. They also strip/cavity searched the Plaintiff by instructing him to remove his clothing, squat three times, and spread his cheeks probing orifice of the Plaintiff's rectum.

29) Defendant screamed at the Plaintiff "where the drugs, we know you got more."

30) Plaintiff was so physically and emotional distraught, he just broke down in tears while telling them, "I am oblivious to your requests and demands of such nature."

31) Defendant took the Plaintiff's t-shirt, poured a bottle of Poland Spring water over it, told him to get dressed, and then placed in a cell, which was freezing cold with the central air conditioning blowing.

32) Hours later after having the Plaintiff's mother and sister come pick up his vehicle, Defendant transported the Plaintiff to Central Booking in downtown Manhattan.

33) There, the Plaintiff was held incarcerated until he was released on his own recognizance.

34) Approximately two months later, the malicious charge of Criminal Possession of a Controlled Substance in the seventh degree against the Plaintiff was discharged in the Court.

35) By means of their unlawful detention of the Plaintiff and the malicious charge brought against him, Defendants Marcy Velez and John Doe I intentionally, or with deliberate indifference and callous disregard of the Plaintiff's rights, deprived him of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff Norberto Fernandez, demands judgment against Defendants Marcy Velez and John Doe I, jointly and severally, for compensatory damages in the amount of $152,700.00, and further demands judgment against each said Defendants Marcy Velez and John Doe I, jointly and severally, for punitive damages in the amount of $100,000.00, plus the costs of this action, including costs of attorney fees, and such other relief as this Court may deem just, proper, and equitable.

## COUNT II

1-35 of Count I, Plaintiff alleges and realleges Paragraphs 1 through 35 of this Count, with the same force and effect as if fully set forth herein.

36) Defendants' illegal strip/cavity search and abuse of the Plaintiff, committed intentionally, either with malice or without malice, deprived the Plaintiff of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C §1983.

**WHEREFORE,** Plaintiff Norberto Fernandez, demands judgment against the Defendant Marcy Velez for compensatory damages of $152,700.00, and further demands judgment against said Defendant Marcy Velez, for punitive damages in the amount of $100,000.00, plus the cost of this action, costs of attorney fees, and such other relief as the Court may deem just and equitable.

## COUNT III

1-35. Plaintiff alleges and realleges Paragraphs 1 through 35 of Count I

as Paragraphs 1 through 35 of this Count, with the same force and effect as if fully set forth herein.

36) As a result of malicious charges placed against the Plaintiff by Defendant Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, and as a result of the further tortious of guarantees of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff Norberto Fernandez, demand judgment against the Defendants Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, jointly and severally, for compensatory damages in the amount of $152,700.00 and further demands judgment against each of the said Defendants Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, jointly and severally, for punitive damages in the amount of $100,000.00, plus costs of this action, costs of attorney fees, and such other relief the Court may deem just and equitable.

## COUNT IV

1-35. Plaintiff alleges and realleges Paragraphs 1 through 35 of Count I as Paragraphs 1 through 35 of this Count, with the same force and effect as if fully set forth herein.

36) The Plaintiff has a right to be free from illegal searches and seizures of his person and a right to be free from unlawful arrest, detention, and imprisonment, said rights secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. § 1983.

37) Defendants Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, individually and in concert with the others acted

under pretense, color and virtue of law and their official capacities, but said acts was illegal, and each Defendant, individually, and in concert with the others acted willfully, knowingly and with specific intent to deprived the Plaintiff of his Constitution Rights.

38) As a direct and proximate result of said violations of Plaintiffs Constitutional Rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, his personal and professional reputations were impaired, and he was forced to retain counsel to represent him in the criminal proceeding brought to him.

**WHEREFORE,** Plaintiff Norberto Fernandez, demands judgement against the Defendants Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, jointly and severally, for compensatory damages of $152,700.00 and further demands judgement against each said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00, plus the costs of this action, attorney fees, and such other relief as the court may deem just and equitable.

### COUNT V

1-40. Plaintiff realleges Paragraphs 1 through 35 of Count I and Paragraph 36 of Count II and Paragraph 36 of Count III and Paragraphs 35 through 38 as Paragraphs 1 through 40 of Count V, and hereby incorporates them in this Count as fully set forth herein.

41) At all times relevant to this Complaint, Defendant Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, as police officers of the City of New York, were acting under the direction and control of Defendants Captain John Doe II, Mayor

Bloomberg, and Defendant City of New York.

42) Acting under color of Law and pusuant to official policy and custom, Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York knowingly, recklessy, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis from:

(1) unlawfully and maliciously harrassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

(2) unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

(3) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after making the arrest, whether the arrest was lawful and unlawful;

(4) conspiring to violate the rights, priviledges and immunities guaranteed to the Plaintiff by the Constitution and Laws of the State of New York; and

(5) otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

43) Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York had knowledge or, had diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired

to be done, as heretofore alleged, were about to commited. Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonble deligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

**44)** Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York, directly or indirectly, under color of Law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers hereto described.

**45)** As a direct and proximate cause of the acts of Defendant Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York as set forth in Paragraphs 41 through 44 above, Plaintiff suffered pyhsical injury, loss of income, and severe mental anguish in connection with the deprivation of his Constitutional Right's and statutory right's guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by U.S.C. § 1983.

**WHEREFORE,** Plaintiff NORBERTO FERNANDEZ demands judgment against Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York, jointly and severally, for compensatory damages in the amount of $152,700.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00, plus the costs of this action,costs of attorney fees, and such other relief as the

Court may deem just and equitable.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: December 3, 2012

NORBERTO FERNANDEZ, PRO-SE

SWORN TO BEFORE ME THIS _____
DAY OF _____, 20____.

_____
NOTARY PUBLIC

CC: FILE

UNITED STATES DISTRICT COURT
Southern DISTRICT OF NEW YORK

NORBERTO FERNANDEZ, PRO-SE,

    Plaintiff,

v.

MARCY VELEZ, PATROLMAN, 26th PRECINT NYPD;
J. SHAUGHNESSY, SERGEANT, 26th PRECINT NYPD;
J. HODGES, SERGEANT, 26th PRECINT NYPD;
JOHN DOE I, PATROLMAN, 26th PRICINT NYPD;
JOHN DOE II, CAPTAIN, 26th PRECINT NYPD;
CITY OF NEW YORK; AND
MICHEAL BLOOMBERG, MAYOR, CITY OF NEW YORK;
individually and in their official capacities.

AFFIDAVIT

Civil Action No._____

### AFFIDAVIT OF NORBERTO FERNANDEZ

I, NORBERTO FERNANDEZ, BEING DULY SWORN ACCORDING TO THE LAW DEPOSE AND SAY THAT I AM THE PLAINTIFF IN THE ABOVE ENTITLED PROCEEDING.

    1.  On or about MAy 22, 2010, the plaintiff was invovled in a car accident, being rearended by a New York City Yellow Cab. The plaintiff suffered a mild concussion, pinch nerve, loss of feeling in the right leg, a sprained lower back, and aggreavted lombardad spinal disks, therfore, causing the plaintiff to walk with a cane. This plaintiff was going to therapy Four times a week for Chiropractics, Acupuncture, and Nerve Therapy. The obvious pain rendering from the accident had afflicted the plaintiff's life, everyday living bacame a harbouring task.

    2.  Furthermore, on June 11, 2010, after providing Driver License, Registration, and Insurance information to Officer Marcy Velez, pending a Traffic stop. After authentification of documents, there was an assertive request by the officer to exit the conveyence of the vehicle.

( 1 )

3. In the result, the plaintiff detailed the above mentioned physical ailments, unfortunately this explaination was in vain. Officer Marcy Velez refused to listen within reason regarding the aforementioned maladies. These maladies are direct result of the plaintiff's unwillingness to exit his vehicle, because standing becomes uncormfortable in nature and cause severe and substancial torment by aggrivating an already painful injury.

4. On the evening of June 11, 2011, at approximately 5:30pm, the plaintiff NORBERTO FERNANDEZ, was driving an automobile owed by him in the vicinity of West 112th Street between Manhattan and Douglas Boulevard in the County and State of New York.

5. At all times that evening, plaintiff NORBERTO FERNANDEZ, operated this vehicle in accordance with all applicable traffic statutes and ordinances of the State of New York and City of New York.

6. On the evening of June 11, 2011, at approximately 5:30pm, Defendants Marcy Velez and John Doe I, who were dressed in NYPD uniforms and traveling in a NYPD marked car; and stopped the plaintiff vehicle.

7. Plaintiff had violated No Law, and defendants had seen No Evidence of probable cause that plaintiff had committed an offense, nor did the defendants have any justification or authority whatsoever for stopping the plaintiff.

8. Defendant Marcy Velez requested Driver License and Registration, plaintiff provided his Driver's License and Registration of his car/vehicle to defendant Marcy Velez.

9. At no time during the stop, did the plaintiff attempted to resist arrest by defendant Marcy Velez, nor offer any violence to him.

10. Defendant Marcy Velez bodily removed the plaintiff from his driver's seat, without provocation, need, or explaination, dragged plaintiff out from his car and slammed him on the ground, then he (plaintiff) was handcuffed extremely hard and tight by defendant Marcy Velez.

11. Defendants Marcy Velez and John Doe I, searched the plaintiff's person twice, abused him both physically and verbally. Then searched and maliciously tore his automobile apart by breaking the air conditioning vents.

12. At no time before or during this interrogation and search of the plaintiff had committed any offense against vehicle Traffic Laws, nor the Laws of the City of New York, State of New York.

13. During this illegal detainment of the plaintiff, defendant conducted a further illegal search of the plaintiff's automobile. Neither before, during, nor after this search did the defendants have probable cause to conduct this search, nor did they have permission from the plaintiff to conduct it.

14. During the illegal search, said defendants discovered a locked glove compartment on the passenger side of the plaintiff's automobile. Defendant retrieved the key from the ignition from the plaintiff's automobile and unlocked the glove compartment.

15. Defendants seized from it, private property belonging to the plaintiff, although they had probable cause search the glove compartment for anything, nor did they have permission from the plaintiff.

16. Without probable cause or any justification whatsoever did defendant Marcy Velez and defendant John Doe I, have the right to agree to and maliciously charge the plaintiff with the following offense: Penal Law § 220.03 - Criminal Possession of a Controlled Substance in the seventh degree.

17. Because of the defendants malicious charge against the plaintiff, he was detained without cause by the police for approximately 48 hours.

18. While the plaintiff was being detained at the 26th Precinct, defendants harrassed him for having a nice automobile. They also strip/cavity searched the plaintiff by instructing him to remove his clothing, squat Three times, and spread his cheeks probing orifice of the plaintiff's rectum.

19. Defendant screamed at the plaintiff "WHERE THE DRUGS? WE KNOW YOU

( 3 )

GOT MORE."

20. Plaintiff was so physically and emotional distraught, he just broke down tears while telling them, "I AM OBIVIOUSTO YOUR REQUESTS AND DEMANDS OF SUCH NATURE."

21. Defendant took the plaintiff's T-Shirt, poured a bottle of Poland Spring Water over it, told him to get dressed, and then placed in a cell, which was freezing cold with the central air conditioning blowing.

22. Hours later after having the plaintiff's mother and sister come pick up his vehicle, defendant transported the plaintiff to Central Booking in downtown Manhattan.

23. There, the plaintiff was held incarcerated until he was released on his own recognizance.

24. Approximately Two months later, the malicious charge of Criminal Possession of a Controlled Substance in the seventh degree against the plaintiff was discharged in the Court.

25. By means of their unlawful detention of the plaintiff and the malicious charge brought against him, defendants Marcy Velez and John Doe I intentionally, or with deliberate indifference and callous disregard of the plaintiff's rights, deprived him of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

26. Defendant's illegal strip/cavity search and abuse of the plaintiff, committed intentionally, either with malice or without malice, deprived the plaintiff of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1983.

27. As a result of malicious charges placed against the plaintiff by defendant Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, and as result of the further tortious of guarantees of the Fourth and Fourteenth

Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

28. The plaintiff has a right to be free from illegal searches and seizures of his person and a right to be free from unlawful arrest, detention, and imprisonment, said rights secured to plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. § 1983.

30. Defendants MArcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, individually and in concert with the others acted under pretense, color and virtue of Law and their official capacities, but said acts were illegal, and each defendant, individually, and in concert with the others acted willfully, knowingly and with specific intent to deprive the plaintiff of his Constitution Rights.

31. As a direct and proximate result of said violations of plaintiff's Constitutional Rights, he was made to suffer great emotional trauma, discomfort, and embarrassment, was deprived of his liberty, his personal and professional reputations were impaired, and he was forced to retain counsel to represent him in the criminal proceedings brought to him.

32. At all times relevant to this Complaint, defendant Marcy Velez, John Doe I, Sergeant Shaughnessy, and Sergeant Hodges, as police officers of the City of New York, were acting under the direction and control of Defendants Captain John Doe II, Mayor Michael Bloomberg, and Defendant City of New York.

33. Acting under color of Law and pursuant to official policy and custom, Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York knowingly, recklessy, or with delberate indifference and callous disregard of plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis from:

(1) unlawfully and maliciously harrassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

(2) unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with his Constitutional and Statutory Rights, Privileges, and Immunities;

(3) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and execessive force before, during, or after making the arrest, wheather the arrest was lawful and unlawful;

(4) conspiring to violate the rights, privileges and immunities guaranteed to the plaintiff by the Constitution and Laws of the State of New York; and

(5) otherwise depriving plaintiff of his Constitutional and Statutory Rights, Privileges, and immunities.

34. Defendants Catain John Doe II, Mayor Micheal Bloomberg, and Defendant City of NEw York had knowledge or, had diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore allged, were about to committed. Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable deligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff's rights failed or refused to do so.

35. Defendants Captain John Doe II, Mayor Micheal Bloomberg, and Defendant City of New York, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant police officers hereto described.

36. As a direct and proximate cause of the acts of Defendant Captain John Doe II, Mayor Micheal Blooberg, and Defendant City of New York as set forth in Paragraph 32 through 35 above, plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of

his Constitutional Right's and Statutory Right's guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by U.S.C. § 1983.

All of the information I have submitted is true and correct.

Dated: December 3, 2012

_____
134 W. 20st #2R
Manhattan, NY 10011

Sworn to before me this _____ day of _____ 20____.

_____
NOTARY PUBLIC

CC: FILE